UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILFRED BERMUDEZ, on behalf
of himself and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                      Case No.: 6:19-cv-01847

CFI RESORTS MANAGEMENT, INC.,

    Defendant.
_____/

**JOINT MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Wilfred Bermudez ("Plaintiff"), by and through the undersigned counsel, hereby files this Joint Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law, seeking the Court's final approval of the Parties' class action settlement ("Settlement Agreement" or "Agreement" - previously filed with the Court as an attachment to Dkt. 42-1).

The Court has already preliminary approved the Parties' Settlement Agreement. (Dkt. 49). Following preliminary approval, notice was mailed to class members in accordance with the Court's Preliminary Approval Order. *Id*. Additional notice pertaining to Class Counsel's pending Motion for Attorney's Fees (Dkt. 51) was emailed to Settlement Class Members on October 21, 2020. Practically speaking, little has changed since the Court issued the Order granting preliminary approval, confirming the Settlement is fair, reasonable, adequate, and warrants final approval.

## I. HISTORY OF THE LITIGATION

### A. The Litigation

In his Amended Class Action Complaint, Plaintiff alleged, *inter alia*, that Defendant violated 15 U.S.C. § 1681b(b)(2)(A) by failing to: 1) disclose to the Plaintiff and other of its employees, former employees, and/or prospective employees (in a document consisting solely of the disclosure) that it was going to obtain a consumer report for employment purposes prior to obtaining a copy of the actual report; and, 2) as a result, obtain the proper authorization under the FCRA to obtain those consumer reports (collectively, the "FCRA Claims").[1]  Plaintiff alleged the FCRA disclosure and authorization forms Defendant utilized were not a stand-alone disclosure and the presence of extraneous information misled and confused consumers. Specifically, Defendant misidentified the entity procuring the consumer reports; misidentified the entity that compiled the consumer reports on its behalf; and created confusion that misled him and other class members to release their personal information without obtaining their lawful authorization.  As a result, Plaintiff alleges he and the putative Background Check Class Members' privacy rights were violated and all suffered the same informational injury.

The Parties have been litigating this action since September 25, 2020.  On May 21, 2020, the Parties attended mediation with Mr. Carlos J. Burruezo, Esq.  The mediation concluded with a settlement, preliminarily approved by the Court on August 3, 2020. (Dkt. 49).

---

[1] In Count III of the Amended Complaint, Plaintiff alleged Defendant violated 15 U.S.C. § 1681b(b)(3).  However, through discovery, Plaintiff determined the claim was not a viable claim for him and therefore not suitable for class resolution.

## II.     OVERVIEW OF SETTLEMENT TERMS AND RELIEF

### A.     The Settlement Class And Benefits

The Settlement resolves the claims of a nationwide Background Check class consisting of 8,795 consumers upon whom it is alleged Defendant unlawfully obtained a background check for employment purposes in violation of the Fair Credit Reporting Act ("FCRA"). Class members submitting claims forms will receive cash payments of $57.50 without having to show that Defendant willfully violated the FCRA.

All costs, expenses, fees, relief, and/or any payments of any kind in connection with or associated with this Settlement shall be paid from the Settlement Fund. This includes, (a) all payments to Settlement Class Members; (b) Payment to Plaintiff as consideration for executing a general release; (c) all costs of notice and settlement administration; and (d) all Attorneys' Fees and Costs, as approved by the Court. However, none of these payments shall reduce the payments to Settlement Class Members, fixed at $57.50. The monetary relief obtained by this proposed settlement demonstrates that this settlement is a very good result for the Class.

### B.     Notice And Administration after Preliminary Approval

The Parties utilized a private, Court-approved third-party vendor, American Legal Claims Services, LLC ("ALCS") to notify the Settlement Class of the settlement and to provide settlement administration services. The Parties agreed the costs of providing notice to the Settlement Class and settlement administration will be paid from the Settlement Fund.

Defendant provided ALCS an electronic file containing the names and last known mailing addresses for 8,795 class members. (See Exhibit "1," attached hereto – Pirrung Decl., ¶ 3). Upon review, ALCS determined the spreadsheet contained 247 duplicate records. ALCS checked the mailing addresses against the NCOA database and certified the addresses via the

CASS system to ensure accuracy prior to mailing. On August 19, 2020, ALCS mailed 8,548 Notice Packages containing the Court-approved Notice to Class Members. (*Id*., ¶ 5). Prior to the mailing, ALCS established a toll free number and website, www.bermudezfcrasettlement.com, to make information about the settlement available to class members when they received Notice Packages. (*Id*., ¶¶ 12, 13). Notice was deemed deliverable to 7,983 of the 8,548 total class members for whom addresses could be obtained. (*Id*., ¶ 8). Ultimately, only 565 notice packets were deemed undeliverable. *Id*.

The Notices informed Settlement Class members of: (1) the material terms of the Settlement Agreement; (2) their right to object and how to do so; (3) their right to exclude themselves by opting out and how to do so; (4) that they will be bound by the Settlement Agreement if they do not opt out; (5) the date, time and location of the final fairness hearing scheduled by the Court; and (6) that the Court retains the right to reschedule the final fairness hearing without further notice. (Dkt. 42-1). The Class Notices also directed recipients to the settlement website, www.bermudezfcrasettlement.com, which contained additional information about the Settlement and provided the toll free number. (See Exhibit "1," attached hereto – Pirrung Decl., ¶ 13). On October 21, 2020, pursuant to this Court's Order (Dkt. 51), ALCS updated the website and emailed additional notice to the 620 Settlement Class Members for whom email addresses were available. (See Exhibit "1," attached hereto – Pirrung Decl., ¶ 7). These extensive efforts to provide notice to the Settlement Class are "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

**C.   Class Members Support the Settlement**

The Settlement was supported by the Settlement Class. The deadline for exclusions and objections was September 17, 2020. There has been one objection, and five requests for

exclusion. (*Id.,* ¶ 14 ). The deadline for submitting claims was October 17, 2020, by which time 720 Class Members submitted Claims forms. (*Id.,* ¶ 10). This claims rate combined with the objection by only one Settlement Class Member and only five requests for exclusion, are a positive reaction to the Settlement.

**D.   The Release of Claims**

In return for the substantial benefits Class Members will receive, all Settlement Class Members release claims alleged in Counts I and II of the Amended Complaint, including all § 1681b claims, and any known or unknown claims that were or could have been alleged based on the specific facts and/or legal theories alleged in the Complaint, and/or related to the current Action, including ones under the Fair Credit Reporting Act and any FCRA State/Local Equivalents, including but not limited to background check or consumer report disclosure notices and forms, the procurement and use of any background check or consumer reports (including but not limited to any claims under California Business & Professions Code section 17200), whether such factual basis is known or unknown at the time the release is approved by the Court.  All Settlement Class Members release the right or ability to bring or participate in a class action, mass action, representative or other similar joint or collective claims against Defendant and/or the Released Parties under the FCRA and/or any FCRA State/Local Equivalents for any claim that was asserted in this action.  The period of the Released Claims extends to the limits of the Covered Period.

**E.   Attorneys' Fees and Expenses**

Pursuant to the Settlement Agreement, Class Counsel is authorized to petition the Court for up to $161,225.54 or approximately thirty one and two tenths percent (31.2%) of the

Settlement Fund as attorneys' fees and costs. Class Counsel has previously submitted a separate Motion for Attorney's Fees and Costs. (Dkt. 52).

### III. THE PROPOSED CLASS HAS BEEN CERTIFIED AND THE NOTICE PLAN APPROVED

**A.  The Class Has Already Been Certified**

The Court has already determined this action was proper for resolution on a class wide basis pursuant to Rule 23(a) and 23(b)(3). (Dkt. 49). Since the Court's Preliminary Approval Order, there have been no objections to the Court's certification of the Background Check Class. Thus, there is no reason to re-visit the Court's prior ruling.

**B.  The Class Notice Met the Requirements of Rule 23(c) And Due Process**

Federal Rule of Civil Procedure 23(c)(2)(B) requires that class notice:

> [C]oncisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court-approved Notice satisfies each of these requirements.

As to the manner of providing notice, Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part, that, "[f]or any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." An individual mailing to each class member's last known address has been held to satisfy the "best notice practicable"

6

test. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (noting that individual mailings satisfy Rule 23(c)(2)). Here, ALCS exceeded these requirements as it updated addresses prior to mailing the Notice Packages.

## C. The Settlement is Fair, Reasonable, and Adequate

In determining whether a proposed settlement is fair, reasonable, and adequate, the Court should consider several factors, including: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Waters*, 2012 U.S. Dist. LEXIS 99129, at *33 (citing *In re CP Ships Ltd. Secs. Litig.*, 578 F.3d 1306, 1317–18 (11th Cir. 2009)). "[D]etermining the fairness of a [class action] settlement is a discretionary decision for the trial court, though it should be 'informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement.'" *United States ex rel. Balko v. Senior Home Care, Inc.*, No. 8:13-CV-3072-T-17TBM, 2017 WL 9398654, at *8 (M.D. Fla. May 2, 2017), *report and recommendation adopted*, No. 8:13-CV-03072-EAK-TBM, 2017 WL 3268200 (M.D. Fla. Aug. 1, 2017).

### 1. The Likelihood of Success at Trial Confirms Settlement is Appropriate

Continuing the FCRA Litigation would have been complicated, protracted, and expensive. The risk of the Named Plaintiff being unable to establish liability and damages was also present because of the numerous defenses Defendant intended to assert if the case was not settled. From Plaintiff's perspective, there was a risk the Court would accept one or more of Defendant's arguments on a key point and dismiss the case, grant summary judgment, or refuse

7

to certify the Class. Plaintiff's success on any of these aspects in motions practice, let alone at trial, was not guaranteed. Moreover, even if Plaintiff prevailed on class certification and survived summary judgment, Plaintiff still faced the uphill battle of proving willfulness at trial. There is no certainty that continued litigation would provide a better outcome than the settlement. This factor therefore favors a finding that the Settlement is fair, reasonable, and adequate. *Youngman v. A&B Ins. & Fin., Inc.*, No. 6:16-CV-1478-ORL-41GJK, 2018 WL 1832992, at *7 (M.D. Fla. Mar. 22, 2018), *report and recommendation adopted*, No. 6:16-CV-1478-ORL-41GJK, 2018 WL 1806588 (M.D. Fla. Apr. 17, 2018) (approving settlement where plaintiffs faced similar difficulties of proof at trial).

Courts reviewing the issue of fairness have favored settlements that allow even partial recovery for class members where the results of suits are uncertain. *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) ("Risk that the class will lose should the suit go to judgment on the merits justifies a compromise that affords a lower award with certainty."); *see In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001); *Pinsker v. Borders Group, Inc. (In re BGI, Inc.)*, 465 B.R. 365, 379 (Bankr. S.D.N.Y. 2012) (approving class settlement with 17% cap on total liability, on grounds that "Class Members would have received nothing if they were not successful). Therefore, it is reasonable for the Class Members to take the bird in the hand instead of the prospective flock in the bush") (citations omitted); *Kizer*, 2012 U.S. Dist. LEXIS 63795, at *23–24 (approving class settlement awarding approximately 30% of possible recovery); *Smith*, 2007 U.S. Dist. LEXIS 85551, at *15 (approving class settlement where, "Plaintiffs concede that their case against the [] Defendants is not a sure success").

### 2. The Recovery in the Settlement is Comparable to Similar FCRA Settlements

The Settlement provides a fixed payment of $57.50 to each Settlement Class Member, and which is comparable to awards in similar FCRA class cases. *Bryant v. Realogy Group, LLC,* No: 8:18-cv-2572-T-60CPT, Document 51, (M.D.Fla. August 8, 2019)(recommending approval of similar FCRA settlement providing $50.00 fixed recovery for Background Check Class), report and recommendation adopted, *Bryant v. Realogy Group*, No: 8:18-cv-2572-T-60CPT, Document 53, (M.D.Fla. September 4, 2020)(Barber, T.); *Speer v. Whole Food Mkt. Grp., Inc.,* No. 8:14-CV-3035-T-26TBM, Document 68,(M.D. Fla. January 1, 2016)(final Order entered by Judge Lazzara approving $40 gross recovery for FCRA class members); *Simons v. Aegis Commc'ns Grp.,* No. 2:14-cv-04012, Document 29, (W.D. Mo. Oct. 15, 2014)(preliminarily approving improper disclosure settlement with payment of $35 per class member); *Beverly v. Wal-Mart Stores, Inc.*, No. 3:07-cv-469, Document 39, (E.D. Va. May 1, 2009) (approving settlement providing for $54 gross amount per class member).

### 3. Continued Litigation will be Complex, Expensive and Resource-Consuming

There is an inherent and substantial expense to continued litigation. If the Parties had not settled at mediation, Plaintiff and Defendant would have commenced intensified discovery. Plaintiff' would move for class certification, which Defendant would contest. The non-prevailing party at the class certification stage would most likely file a Rule 23(f) petition with the Eleventh Circuit. Defendant would inevitably file a dispositive motion. In short, the outcomes of the class certification proceedings and dispositive motion practice would dictate the course of the litigation. If Plaintiff were to prevail, the action would have proceeded to trial, with the significant expense and use of resources that accompanies trial preparation.

Indisputably, litigation in this case, absent settlement, would be complex, expensive and time consuming.

Class and Defense Counsel are experienced class action litigators, who reached this Settlement with the assistance of an experienced mediator. The Parties exchanged and reviewed hundreds of pages of documents, and had sufficient information in their possession to evaluate their respective positions. Class Counsel strongly recommends that the Court approve the Settlement; a settlement Defendant does not oppose. Thus, the Court should approve the Settlement. *Fernandez*, 2017 WL 7798110, at *2.

### 4. There Has Been Minimal Opposition to the Settlement

As noted above, nearly all Class Members have been notified of the Settlement. One Class Member has objected only with respect to Class Counsel's attorney's fees. Only five have requested to be excluded. Class Counsel is not surprised at a lack of objections - the Settlement is a very good result for the Class. The minimal opposition to the Settlement favors a finding that it is fair, reasonable, and adequate. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2017 WL 2472499, at *1 (M.D. Fla. June 5, 2017).

### 5. The Settlement was Reached at an Appropriate Stage of Proceedings

This factor focuses on assuring that "the plaintiffs have access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of the settlement against further litigation." *United States ex rel. Balko*, 2017 WL 9398654, at *12. In this case, Plaintiff certainly did. The Parties exchanged discovery and Plaintiff obtained discovery by subpoenaing a third party. A well respected mediator oversaw settlement discussions, further confirming the adequacy of the Settlement. Class counsel, well versed in FCRA class action litigation, is satisfied the case has been thoroughly investigated. Thus, the Court should conclude that this

factor also favors granting final approval. See *Poertner v. Gillette Co.*, No. 6:12-CV-803-ORL-31DA, 2014 WL 4162771, at *4 (M.D. Fla. Aug. 21, 2014), aff'd, 618 F. App'x 624 (11th Cir. 2015) (finding similar facts weighed in favor of approval of settlement).

## IV.     CONCLUSION

The Agreement is in the best interest of the Parties and Class, was the result of arm's-length negotiations through a well-respected mediator, and is fair and reasonable to all concerned.

WHEREFORE, Plaintiff respectfully requests the Court enter a Final Order: (1) approving the Settlement Agreement between Plaintiff, on his own behalf and on behalf of the Settlement Class, and Defendant; (2) finally certifying the above-described Settlement Class for settlement purposes; and, (3) requiring the Parties to comply with the terms and conditions in the Settlement Agreement or pursuant to the Court's Order granting Final Approval.

Dated this 5th day of November, 2020.

| | |
|---|---|
| */s/ Marc R. Edelman* | */s/ Myrna L. Maysonet* |
| **Marc R. Edelman, Esquire** | **MYRNA MAYSONET** |
| Florida Bar No.: 0096342 | Florida Bar No. 429650 |
| **MORGAN & MORGAN, P.A.** | 201 E. Pine Street, Suite 500 |
| 201 N. Franklin Street, #700 | Orlando, FL 32801 |
| Tampa, FL 33602-5157 | (407) 425-6559 |
| Telephone: 813-223-5505 | Myrna.Maysonet@gmlaw.com |
| Facsimile: 813-257-0572 | Michael.Lyles@gmlaw.com |
| medelman@forthepeople.com | **RICHARD W. EPSTEIN** |
| *Attorney for Plaintiff* | Florida Bar No. 229091 |
| | Richard.epstein@gmlaw.com |
| | Maria.Salgado@gmlaw.com |
| | 200 E Broward Blvd., Suite 1800 |
| | Fort Lauderdale, FL 33301 |
| | (954) 491-1120 |
| | **GREENSPOON MARDER LLP** |
| | *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**