UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILFRED BERMUDEZ,

    Plaintiff,

v.                                                    Case No. 6:19-cv-1847-Orl-37DCI

CFI RESORTS MANAGEMENT, INC.,

    Defendant.
_____

**FINAL JUDGMENT AND ORDER APPROVING THE CLASS ACTION SETTLEMENT AND APPROVING MOTION FOR ATTORNEYS' FEES**

The parties agreed to settle Plaintiff's claims on a class-wide basis and submitted a settlement agreement to the Court for approval. (Doc. 42; Doc. 42-1 ("**Settlement Agreement**").) The Court preliminarily approved the Settlement Agreement. (Doc. 49.) Following the notice process, the parties submitted a motion for final approval of the class action settlement (Doc. 56 ("**Settlement Motion**")) and Plaintiff and class counsel moved for fees (Doc. 52 ("**Fees Motion**")). The Court held a fairness hearing on November 12, 2020. (Doc. 64.[1]) Having considered the record, supporting documents, and representations at the fairness hearing, the Court granted the Settlement Motion and granted the Fees Motion in part. This Order memorializes that ruling.

---

[1] To date, an official transcript of the fairness hearing is not available, but when necessary the Court will summarize relevant portions and cite to the minute entry. (*See* Doc. 64.)

1

I.  **BACKGROUND**

Plaintiff sued Defendant for violations of the Fair Credit Reporting Act ("**FCRA**"). (Docs. 1, 21.) The FCRA makes it illegal to obtain a consumer report for an employment related purpose, unless the party strictly complies with the statute's disclosure requirements. 15 U.S.C. § 1681b; (Doc. 21, ¶ 28.) Plaintiff alleges Defendant violated the FCRA by obtaining consumer reports for employees and applicants without making the statutorily required disclosures and used the information in the reports for adverse employment actions. (Doc. 21, ¶¶ 2, 5–7, 20–23, 31, 66–99.)

The parties settled on a class-wide basis after mediation and the Court preliminarily approved the Settlement Agreement on August 3, 2020. (Docs. 40–42, 49.) Under the Settlement Agreement, the class includes: "All individuals as to whom, [from September 25, 2017 through March 6, 2020], were subject to at least one consumer report based upon the subject disclosure document." (Doc. 42-1, ¶¶ 19, 34.) Defendant agrees to pay a maximum of $505,712.50 to the settlement fund. (*Id.* ¶ 37.) In return, class members release their § 1681b claims. (*Id.* ¶ 28.) Class members who submit a proper claim are awarded up to $57.50. (*Id.* ¶¶ 39, 49.) And class members could opt-out or object to the settlement. (*Id.* ¶¶ 50, 51.)

American Legal Claim Services ("**ALCS**") was appointed as the Settlement Administrator. (Doc. 49, ¶ 8.) Of the 8,795 class members, ALCS identified 247 duplicates resulting in a final count of 8,548. (Doc. 56-1, ¶ 3.) ALCS found the addresses for class members through the United States Postal Service ("**USPS**") national change of address database. (*Id.* ¶¶ 3–4.) ALCS mailed notice packages to the 8,548 class members; 1,697

2

notices were returned undelivered by USPS. (*Id.* ¶¶ 5, 7.) ALCS found forwarding addresses for 1,136 of these, and ultimately, only 565 notices were deemed undeliverable. (*Id.* ¶¶ 7, 8.)

Five class members requested exclusion from the settlement.[2] (*Id.* ¶ 9.) No one objected. (*Id.* ¶ 11.) And 720 claims were received. (*Id.* ¶ 10.) Of the 720, 1 claim was late, 2 were duplicates, and 3 were claims from non-class members—totaling 714 valid claims. (*Id.*) Based on the number of claims, all 714 will get the maximum settlement award—$57.50 each. (Doc. 42-1, ¶¶ 39, 49; Doc. 56, p. 9.) Now the parties move for final class certification and settlement approval. (Doc. 56.)

On October 21, 2020, class counsel moved for $161,225.54 in attorneys' fees and a $5,000 payment to Plaintiff.[3] (Doc. 52, p. 2.) Class members had until November 5, 2020 to object. (Doc. 51.) One did, stating "I . . . object to attorneys fees and costs to this matter of Bermudez FCRA Settlement." (Doc. 62-1.)

With briefing and a fairness hearing on the Settlement Motion and Fees Motion complete (Docs. 52, 54, 56, 62–64), the matters are ripe.

## II.   ANALYSIS

### A.   Final Settlement Approval

First, the Court notes: (1) the number of class members, 8,548, is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the class

---

[2] One class member filed her exclusion late, but the parties represented at the fairness hearing that her exclusion will be accepted. (Doc. 56-1, ¶ 9; *see* Doc. 64.)

[3] Attorneys' fees will not impact class members' award. (*See* Doc. 42-1, ¶¶ 14, 39, 41; Doc. 52, p. 2.)

3

members as they were all subject to consumer reports by Defendant from September 25, 2017 through March 6, 2020 that are the basis of the FCRA claims; (3) the claims of the named Plaintiff are typical of claims of the class members; (4) the named Plaintiff has fairly and adequately represented the interests of the class members to enter the settlement agreement; (5) common questions of law and fact predominate over questions affecting any individual class member; (6) the class members are ascertainable—Defendant provided a list; and (7) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(a), (b). So the Court finally certifies the class for settlement.

Next, let's assess whether the class has been properly notified. Under Rule 23(c)(2), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice can be made by "United States mail, electronic means, or other appropriate means." *Id.* And,

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* Here, class members were notified by appropriate means—U.S. mail. (Doc. 56-1, ¶¶ 5–7); *see* Fed. R. Civ. P. 23(c)(2)(B). And individual notices were sent to all members who could be reasonably found—ALCS looked for forwarding addresses of all undelivered notices through USPS and Lexis Nexus. (Doc. 56-1, ¶¶ 6, 7.) And the Court already

approved the contents of the notice. (Doc. 49, ¶¶ 6–7.) The notice appropriately informed class members through easy-to-understand bold headings: who was in the settlement class; what the case was about; what rights they were giving up; that they may enter an appearance with an attorney; that they could exclude themselves and how to do so; and that their claims would be released if they did nothing. (Doc. 42-1, pp. 32–33.) So notice to the class satisfied Rule 23(c). *See* Fed. R. Civ. P. 23(c).

With a class certified that has been properly notified, Rule 23(e) requires judicial approval of the settlement. Fed. R. Civ. P. 23(e). Before granting such approval, a court should ensure the settlement "is fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (citation omitted). Courts consider several factors: the likelihood of success at trial; the anticipated complexity and expense of trial; the range of possible recovery; any opposition to the settlement; fraud or collusion behind the settlement; and the stage at which settlement was achieved. *See Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011); *Leverso v. SouthTrust Bank of Al., Nat'l Ass'n*, 18 F.3d 1527, 1530 n. 6 (11th Cir. 1994). On review, the factors favor settlement approval.

As to trial, success was predicated on Plaintiff's ability to overcome Defendant's numerous defenses and to prove willfulness—a steep hill to climb. (Doc. 56, pp. 7–8.) And continued litigation would likely be complex and expensive—including further discovery, a battle over class certification, dispositive motion practice, and trial preparation. (Doc. 56, pp. 9–10); *see Fernandez v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, No. 15-22782-Civ-COOKE/TORRES, 2017 WL 7798110, at *2 (S.D. Fla. Dec. 18, 2017). All

this with no guarantee of a win. *See Youngman v. A&B Ins. & Fin., Inc.*, No. 6:16-cv-1478-Orl-41GJK, 2018 WL 1832992, at *7–8 (M.D. Fla. Mar. 22, 2018), *adopted by* 2018 WL 1806588 (M.D. Fla. Apr. 17, 2018). And the settlement award of $57.50 is well within the range of comparable FCRA settlements, if not above. *See, e.g.*, *Harake v. Trace Staffing Sols., LLC*, No. 8:19-cv-00243-T-30CPT, 2020 WL 4582743, at *2 (M.D. Fla. Aug. 10, 2020).[4] No one objected to the settlement and only five members excluded themselves. (Doc. 56-1, ¶¶ 9, 11.) Further, the settlement was reached at mediation after the exchange of some discovery—weighing against any fraud or collusion behind the settlement. (Doc. 56, pp. 10–11); *see Poertner v. Gilette Co.*, No. 6:12-cv-803-Orl-31DAB, 2014 WL 4162771, at *4 (M.D. Fla. Aug. 21, 2014).

Having reviewed the above factors, briefing, and the parties' argument at the fairness hearing, the Court finally approves the settlement as a fair, reasonable, and adequate resolution of the pending class action claims. (*See* Docs. 42 to 42-2, 52 to 52-2, 56 to 56-1, 62 to 64.)

### B. Attorneys' & Plaintiff's Fees

Class counsel moves for $161,225.54 in attorneys' fees and for a $5,000 payment to Plaintiff. (Doc. 52.) The Court awards the requested attorneys' fees, but not the fee to Plaintiff.

Class counsel is entitled to a fee award for their efforts on behalf of the class. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991). This fee should be

---

[4] *See also Dukes v. Air Canada*, No. 8:18-cv-2176-T-60JSS, 2020 WL 487152, at *5 (M.D. Fla. Jan. 27, 2020), *adopted by* 2020 WL 496144 (M.D. Fla. Jan. 30, 2020).

based on a percentage of the class settlement fund, but "[t]here is no hard and fast rule mandating a certain percentage." *Id.* at 774. While typically fees fall between 20% to 30% of the fund, the fee should be based on the facts of each case. *Id.* at 774–75. Relevant factors include: the time and labor required; the skill required; preclusion of other employment; customary fees; whether the fee was fixed or contingent; time limitations of the case; results obtained; attorneys' experience and ability; undesirability of the case; relationship with the client; awards in similar cases; substantial objections by class members; and non-monetary benefits to the class. *Id.* at 775; *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (abrogated on other grounds).

Several factors support the requested attorneys' fees. Counsel spent over a year on this case—drafted the complaint, served discovery, traveled to Orlando to meet with Defense counsel, participated in mediation and the settlement approval process, and will continue to work monitoring the disbursement of the settlement. (Doc. 52, pp. 7–8.) Counsel brought expertise in the FCRA class action arena, having filed twelve similar actions which require avoiding standing pitfalls and proving the defendant's willfulness. (*Id.* at 8–9.) The case limited the time counsel had to work on other matters, but it was not a time-sensitive matter. (*Id.* at 9–10, 12.) Counsel took the case on contingency, justifying an increased attorneys' fee award because of the risk to counsel. (*Id.* at 11); *see Behrens v. Wometco Enters.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988). And the percentage requested (31.2%) is within the range of similar cases. (Doc. 52, pp. 10–11); *see, e.g., Hanley v. Tampa Bay Sports & Ent. LLC*, No. 8:19-CV-00550-CEH-CPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr.

23, 2020).[5] And counsel obtained good results for the class—$57.50 for those who filed claims. (Doc. 52, pp. 12–13); *see, e.g.*, *Harake*, 2020 WL 4582743, at *2. Counsel also brings a wealth of experience—Marc Edelman has practiced over twenty years, focusing on violations of the FCRA and Chad Justice, though only barred for four years, has been appointed as class counsel in multiple class actions. (Docs. 52-1, 52-2.) The case was not highly desirable, with minimal statutory damages. (Doc. 52, p. 13.) But counsel did not have a long-term relationship with Plaintiff and did not recover any non-monetary benefits for the class. (*Id.* at 14; *see* Doc. 42-1.) There was one objection to attorneys' fees, but it was not substantial—briefly stating an objection with no explanation. (Doc. 62-1.) Overall, the factors weigh in favor of the requested attorneys' fees.

Plaintiff also requests a $5,000 payment. (Doc. 52.) The Settlement Agreement states under the heading "Class Representative Service Payment": "Defendant agrees that Plaintiff may apply to the court for a Class Representative Service Payment in an amount not to exceed $5,000.00." (Doc. 42-1, ¶ 43.) After the parties filed their Settlement Agreement, the U.S. Court of Appeals for the Eleventh Circuit decided *Johnson v. NPAS Solutions*, LLC, 975 F.3d 1244 (11th Cir. 2020). The Eleventh Circuit held an incentive award "that compensates a class representative for his time and rewards him for bringing a lawsuit" is prohibited. *Johnson*, 975 F.3d at 1260. Plaintiff argues this decision is not binding authority as mandate has not issued and regardless, this case is distinguishable because Plaintiff's $5,000 fee was in exchange for a general release of all his claims. (Doc.

---

[5] *See also Dukes v. Air Canada*, No. 8:18-cv-2176-T-60JSS, 2020 WL 487152, at *5 (M.D. Fla. Jan. 27, 2020), *adopted by* 2020 WL 496144 (M.D. Fla. Jan. 30, 2020).

52, pp. 2–3 n.2.) At the fairness hearing, the Court disagreed and denied Plaintiff's requested fee because the Settlement Agreement clearly states the $5,000 is a service fee. But for *Johnson v. NPAS Solutions, LLC*, the Court would have awarded the fee.

### III.   CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. The parties' Joint Motion for Final Approval of Class Action Settlement (Doc. 56) is **GRANTED**.

2. Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Additional Compensation to Plaintiff (Doc. 52) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Court **AWARDS** Class Counsel $161,225.54 in attorneys' fees and costs.

    b. In all other respects, the Fees Motion is **DENIED**.

3. The Court **FINALLY CERTIFIES** the following class: All individuals as to whom, from September 25, 2017 through March 6, 2020, were subject to at least one consumer report based upon the subject disclosure document.

4. The following individuals are **EXCLUDED** from the settlement class: Johanny Castro De Los Santos, Emily Reifeis, Ivyanna Rosa, Olivia Morales, Louisa Brannon, and Genesis Rivera-Diaz (*see* Docs. 63, 63-1).

5. The Court **FINALLY DESIGNATES** Plaintiff Wilfred Bermudez as Class Representative.

6. The Court **FINALLY APPOINTS** Marc Edelman and Chad Justice as Class

Counsel.

7. The Court **FINALLY APPROVES** the Settlement Agreement (Doc. 42-1).

8. The parties and the Settlement Administrator are directed to implement the Settlement Agreement (Doc. 42-1) in accordance with its terms and provisions.

9. This action is **DISMISSED WITH PREJUDICE**.

10. The Court retains jurisdiction over this action, the parties, class counsel, and the settlement class to enforce the terms of the Settlement Agreement and preside over issues arising from the distribution of the settlement claims.

11. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 23, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

Case 6:19-cv-01847-RBD-DCI Document 65 Filed 11/23/20 Page 11 of 11 PageID 357